BAMKER, (PARKER v.) See Case No. 10,-725.

## Case No. 833.

BANCROFT et al. v. ACTON.

[7 Blatchf. 505.] [1]

Circuit Court, S. D. New York. Aug. 26, 1870.

PATENTS FOR INVENTIONS—DAMAGES—COUNSEL FEES—ACT OF JULY 8, 1870.

1 There is nothing in the 55th section of the act of July 8th, 1870, (16 Stat. 206,) which en-

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

titles the plaintiff in a suit in equity for the infringement of letters patent, to recover, as an item of the damages prayed for in the bill, the amount of money paid by him to his counsel in the suit for services rendered therein.

[See Holbrook v. Small, Case No. 6,596; Whittemore v. Cutter, Id. 17,600; Stimson v. The Railroads, Id. 13,456; Philp v. Nock, 17 Wall. (84 U. S.) 460; Teese v. Huntingdon, 23 How. (64 U. S.) 2; Parks v. Booth, 102 U. S. 96; Arcambel v. Wiseman, 3 Dall. (3 U. S.) 306. Contra, see Allen v. Blunt, Case No. 217; Alden v. Dewey, Id. 153; Pierson v. Eagle Screw Co., Id. 11,156.]

In equity. [Bill by Lorey F. Bancroft and Andrew B. Yetter against Charles A. Acton for infringement of letters patent.]

William J. A. Fuller, for plaintiffs.

James Knox, for defendant.

BLATCHFORD, District Judge. The question raised in this case, which is a suit in equity for an injunction and an account of profits, and the recovery of damages, founded on the infringement of letters patent, is, whether, under the 55th section of the act of July 8th, 1870, (16 Stat. 206,) revising, consolidating and amending the statutes relating to patents and copyrights, the plaintiffs can recover, as an item of the damages prayed for in the bill, the amount of money paid by them to their counsel in the suit for services rendered therein. That section provides, that, upon a decree being rendered for an infringement, in a suit in equity brought to prevent the violation of any right secured by patent, the complainant shall be entitled to recover, in addition to the profits to be accounted for by the defendant, the damages the complainant has sustained thereby, and that the court shall assess the same, or cause the same to be assessed under its direction, and shall have the same powers to increase the same in its discretion, that are given by such act, in its 59th section, to increase the damages found by verdicts in actions upon the case. It is manifest, that the sole object of this provision of the 55th section, which is new, is, to enable the plaintiff, by bringing a suit in equity, to recover, in such suit, not only the profits made by the defendant by means of the infringement, but also the damages sustained by the plaintiff thereby. In the absence of this provision, this could not have been done. But, under this provision, a plaintiff cannot recover, as damages, any items which he cannot recover as damages under the 59th section, in an action on the case. That section provides, that damages for the infringement of any patent may be recovered by action on the case. The damages spoken of in the 55th section can have no greater scope or extent than those spoken of in the 59th section. The provisions of the 59th section in regard to damages are but a re-enactment of the provisions on the same subject in the 14th section of the act of July 4th, 1836, (5 Stat. 123.) Under the latter

act, it is well settled, by authoritative decisions, that counsel fees paid or incurred by the plaintiff, in an action at law for the infringement of a patent, are not a proper element for the consideration of the jury, in the estimation of the damages to be recovered in such action. Day v. Woodworth, 13 How. [54 U. S.] 363. There is nothing in the 55th section of the act of 1870 which enables the plaintiffs in this suit to recover the counsel fees in question as damages therein.